## MARTIN v. HAMMON.

In covenant by a vendor against the vendee of land, who had entered and continued in possession, to enforce the payment of the last instalment of the purchase-money, where the plaintiff had tendered a deed before suit brought, and, without setting out his title, merely averred in his declaration, *that he had done all he was bound to do,* and the defendant neither *alleged* nor *showed* that the title was defective: *Held,* that the plea of covenants performed was an admission, that the title to the land conveyed by the deed tendered, was good.

The addition of "*absque hoc,*" to the plea of "*covenants performed,*" puts the plaintiff to the proof of performance.

In error to the Common Pleas of Cumberland county.

*June* 2. This was an action of covenant, in which Paul Martin, the plaintiff in error, was the defendant below. On the 29th of September, 1837, Philip Hammon entered into an agreement to sell to Paul Martin a tract of land in Franklin county, containing one hundred and sixty acres, for the consideration of $800, payable as follows, viz: $50 on the 1st of April, 1838; the same sum on the 1st April, 1839, 1840, and 1841; $150 on the 1st April, 1842; and the same sum on the 1st April, 1843, 1844, and 1845: the said Philip Hammon thereby covenanting to make or cause to be made to the said Paul Martin a good title to the land, which was to be made by William McClelland.

The vendee went into possession of the land, and paid all the instalments but the last one, which was payable on the 1st April, 1845, and for it this suit was brought. The pleadings were not stated in the paper-book; but it appeared on the argument that the plaintiff, without setting out his title, merely averred *that he had done all that he was bound to do,* and that the defendant pleaded "*covenants performed.*"

To maintain the issue on his part, the plaintiff gave in evidence the agreement, dated the 29th September, 1837, between Hammon and Martin, and a deed of the 6th April, 1844, from William McClelland to Paul Martin, with proof that it had been tendered to Paul Martin before suit was brought, and that he was in possession of the land.

The defendant's counsel requested the court to charge the jury "that the plaintiff was not entitled to recover unless he has produced and shown to the jury a perfect title to the land mentioned in the agreement given in evidence, which he was bound to convey to the defendant in fee simple, clear of encumbrance, and is ready to deliver the same to the defendant."

The court instructed the jury to find the facts in evidence by the plaintiff specially, and they would render a judgment thereon. The jury did find the above-stated facts as proved by the plaintiff, upon which the court rendered a judgment for the plaintiff, to which the defendant excepted.

Errors assigned: 1st. That the court rendered a judgment for the plaintiff instead of the defendant.

2d. They should have instructed the jury that the plaintiff was not entitled to recover without showing that he had a good title and was ready to convey it to the defendant.

*Watts,* for plaintiff in error, contended that the vendor, the plaintiff below, was not entitled to recover, without showing that he had a good title to the land, and was ready to convey it to the vendee, the defendant below: Creigh *v.* Shotto, 9 W. & S. 82.

*Brandebury,* contrà.—To our declaration, the defendant pleaded "*covenants performed,*" and thereby admitted that we had complied with every stipulation to be observed on our part, according to the terms of the article of agreement. He cited Snevily *v.* Egle, 1 W. & S. 480 ; Platt on Cov. 308 ; 1 Ch. Pl. 325.

*June* 8. COULTER, J.—This case is ruled by the case of Snevily *v.* Egle, 1 W. & S. 480. It may be admitted, that the plea of covenants performed, is not altogether tantamount or equivalent to the plea of payment, but it admits the foundation of the suit. The plaintiff did not set out his title; if he had, he would have been bound to prove it. But as he merely avers that he had done all that he was bound to do, and as he was bound to give a good title, and the special verdict finds that he tendered a title before suit, the plea of covenants performed may fairly be construed as an admission that the deed tendered was good. The plaintiff came to trial without any notice that it was necessary for him to exhibit his claim of title. In Croke James, 369, cited in 1 Watts, it is determined, that where a plaintiff states generally that he has performed, the defendant must traverse that by some indication in the record; such as, that the plaintiff was not seised of a good title, or did not offer a good title. The usual mode of putting a plaintiff upon proof of performance, is by the addition of *absque hoc,* &c., to the plea of covenants performed. Altogether, the case is with the plaintiff. The defendant purchased the land, went into possession, and enjoys it. Nor does he allege or show that the title is defective. He ought to pay for it.

Judgment affirmed.